# Exhibit A

Gabriel K. White (11797)
Geena Arata (17512)
**WHITE & GARNER**
370 East South Temple, Suite 200
Salt Lake City, Utah 84111
Phone: (801) 849-9300
gabriel.white@utahtriallawyers.com
geena.arata@utahtriallawyers.com
*Attorneys for Plaintiff*

IN THE THIRD JUDICIAL DISTRICT COURT
IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

| LARRY HARDY, | **COMPLAINT AND JURY DEMAND** |
|---|---|
| Plaintiff, | **(Tier Three)** |
| v. | Case No. |
| KINDER MORGAN ALTAMONT, LLC, EP ENERGY E&P COMPANY, L.P., EP ENERGY MANAGEMENT, LLC, and EP ENERGY RESALE COMPANY, LLC, | Judge |
| Defendants. | |

Plaintiff Larry Hardy, by and through her counsel, Gabriel White and Geena Arata of White & Garner, submit his complaint, wherein he alleges against Defendants as follows:

**INTRODUCTION**

This is an action arising from a slip and fall at Defendants' oil refinery caused by Defendants' failure to properly design, construct, maintain, and inspect the property and failure to warn individuals of the hazardous step which resulted in injuries to the Plaintiff.

**PARTIES AND JURISDICTION**

1. Plaintiff Larry Hardy is an individual who resides in Salt Lake County, Utah. The basis of this action involves a slip and fall accident that occurred in Duchesne County, Utah.

1

2. Upon information and belief, Defendant Kinder Morgan Altamont is a limited liability company registered in Salt Lake County, Utah and caused the injuries to Plaintiff as discussed herein.

3. Upon information and belief, Defendant EP Energy E&P Company is a limited partnership incorporated in Salt Lake County, Utah and caused the injuries to Plaintiff as discussed herein.

4. Upon information and belief, Defendant EP Energy Management is a limited liability company registered in Salt Lake County, Utah and caused the injuries to Plaintiff as discussed herein.

5. Upon information and belief, Defendant EP Resale Company is a limited liability company registered in Salt Lake County, Utah and caused the injuries to Plaintiff as discussed herein.

6. Venue is therefore proper in this court pursuant to Utah Code Ann. § 78B-3-307.

7. This court has jurisdiction pursuant to Utah Code Ann. § 78A-5-102.

## FACTUAL ALLEGATIONS

8. Plaintiff incorporates by reference all allegations of this complaint as though fully restated herein.

9. On or about June 8, 2017, Plaintiff was working for Ferrell Gas at Altamont Refinery in Altamont, Utah.

10. Plaintiff was stationed in a trailer to oversee meter operations with his coworker.

11. During that time in the trailer, Plaintiff heard a loud boom outside the trailer.

12. Plaintiff looked outside the trailer and saw liquid butane gas spraying around the area of the trailer.

13. Upon information and belief, Plaintiff's trailer was about 20 feet from the liquid butane gas.

14. The trailer contained hose hookups that connect propane trucks to fill the trucks with propane.

15. Due to the proximity of the liquid butane gas and the trailer with propane gas, there was a high likelihood of an explosion.

16. Plaintiff ran out of the trailer to avoid the danger.

17. As Plaintiff ran out of the trailer, he slipped on the trailer step.

18. The step was about four inches wide.

19. The step was not wide enough to safely put Plaintiff's entire foot on the step.

20. Plaintiff's foot slipped off the step and he fell.

21. As Plaintiff fell, he tried to catch himself but there was no handrail.

22. Plaintiff fell onto concrete landing on his left side.

23. Plaintiff sustained injuries to his left side including his left shoulder, neck, and back, and sprained his left ankle.

24. Plaintiff's medical providers have diagnosed Plaintiff with herniated discs at T6-T9.

25. Plaintiff has sharp back at T6-T9 that radiates into his ribs and chest. Plaintiff has regular neck pain and constant pressure. Plaintiff suffers from upper back numbness.

26. To treat the injury, Plaintiff's doctor prescribed nerve blocks and steroid injections but his pain has not gone away.

27. Plaintiff's life has been disrupted due to the accident caused by Defendants.

28. The consequences of the accident between Plaintiff and Defendants extend beyond medical treatment.

29. Plaintiff has lost time and money trying to rectify the accident through medical treatments including injections, nerve blocks, and doctor's appointments.

30. Additionally, Plaintiff neglected or postponed housework and other chores due to back pain and fatigue.

31. While the medical treatment and injuries to Plaintiff caused economic harm, it is difficult to estimate the harm of Plaintiff's stress, anxiety, and discomfort, both physically and emotionally, from when the accident occurred to the present day.

32. The non-economic consequences carry real costs for Plaintiff's physical, mental, and emotional state in an amount to be established at trial but in no case less than $300,000.00.

33. Upon information and belief, the step was repaired the day after Plaintiff sustained injuries from the step.

34. Defendants were on notice prior to Plaintiff's fall that the step was a hazard, and the trailer did not have a railing.

35. Upon information and belief, Defendants occupied, owned, managed, maintained, and operated the property at the time of Plaintiff's fall.

36. As a direct and proximate result of Defendants' negligence as discussed herein, Plaintiff was required to obtain medical care from various physicians and other medical providers and incurred medical and incidental expenses he would not have otherwise incurred.

37. As a direct and proximate result of Defendants' negligence as discussed herein, Plaintiff suffered from difficulty and pain when sitting, working, driving, and standing for long periods of time.

38. As a proximate result of the negligence of the Defendants, Plaintiff suffered from a loss of enjoyment of life, pain and suffering, duties under duress.

## NEGLIGENCE

39. Plaintiff hereby incorporates all other allegations set forth in this Complaint.

40. Upon information and belief, the Defendants intentionally constructed the step.

41. Defendants had a duty to maintain a safe premise which included preventing liquid butane from spraying out in the open.

42. Defendants had a duty to maintain a safe work premise which included preventing liquid butane from spraying near propane.

43. Defendants breached the duty to maintain a safe work environment when Plaintiff was near the liquid butane spray while he was in the trailer and failed to exercise the standard of care necessary for keeping a safe work environment at an oil refinery.

44. Defendants' breach of the standard of care was the direct and proximate cause of the accident described herein, and directly resulted in serious physical injuries to the Plaintiff.

45. As a direct and proximate result of Defendants' breach of the standard of care as discussed herein caused Plaintiff to suffer from difficulty and pain doing everyday activities like standing, housework, driving, and sitting for long periods of time.

46. Defendants had a duty to properly construct, maintain, inspect, and comply with the applicable laws and regulations pertaining to walkways.

47. Defendants had a duty to construct and maintain a safe and level walkway free from potential hazards and to exercise ordinary care in designing, building, managing, and maintaining the property to avoid exposing persons to an unreasonable risk of harm.

48. Defendants breached their duty to comply with the applicable laws and regulations about walkways, to construct and maintain a safe and level walkway free from potential hazards, and to exercise ordinary care in designing, building, managing, and maintaining the property to avoid exposing persons to an unreasonable risk of harm as follows:

    a. by building and maintaining the step at an unsafe height,

    b. by building and maintaining the step in a manner that did not comply with the applicable laws and regulations about walkways or steps.

    c. by failing to display a sign to warn people and Plaintiff in particular about the hazard,

    d. by failing to install a handrail to warn of the step and assist people and Plaintiff in particular while using the step,

    e. by failing to install a platform to extend the area of the step, and

    f. by failing to properly illuminate the step.

49. Because there were no markings, paint, warning signs, handrail, illumination, or other indicators to warn Plaintiff or others about the step, it was foreseeable that an individual would trip on the step.

50. Because there was not a platform or other mechanism to extend the surface area of the step, it was foreseeable that an individual would slip on the step.

51. The cost to install a device to extend the step, to install a handrail, to paint, or otherwise marking the step would have been de minimis.

52. As a result of Plaintiff's fall, Defendants installed a metal grate platform to create a longer trailer step.

53. The existence of the small step created an unreasonable risk of harm.

54. The existence of the unmarked step created an unreasonable risk of harm.

55. It was also foreseeable that anyone tripping on the step would fall to the concrete surface and suffer severe injuries such as the injuries sustained by Plaintiff.

56. Defendants breached each of the standards of care described herein.

57. Defendants' breach of the standard of care as described herein were the direct and proximate cause of the accident described herein, and directly resulted in serious physical injuries to the Plaintiff.

58. As a direct and proximate result of Defendants' breach of the standard of care as discussed herein caused Plaintiff to suffer from difficulty and pain doing everyday activities like standing, housework, driving, and sitting for long periods of time.

59. As a result of the injuries sustained in the accident, Plaintiff has, among other things, difficulty doing daily tasks, pain, and a substantial loss of enjoyment of life.

60. Defendants' breach of the standard of care as described herein caused Plaintiff to suffer damages which include, but are not limited to, physical and emotional injuries, medical expenses, loss of enjoyment of life, duties under duress, and loss of household services as well as other general and special damages, in an amount to be proven at trial, but in no case less than $300,000.00.

## JURY DEMAND

Plaintiff does hereby demand a trial by jury for all claims which are entitled to be tried to a jury pursuant to Utah law.

## PRAYER FOR RELIEF

**The Plaintiff requests judgment against Defendants as follows:**

1. Based on Plaintiff's cause of action, Plaintiff is entitled to judgment for monetary

damages against Defendants and in favor of Plaintiff for general and special damages for injuries he sustained as a result of the accident. Plaintiff is also entitled to damages for reimbursement of medical expenses, ongoing pain and suffering, a loss of household services, loss of enjoyment of life, and other damages still accruing with total damages in an amount to be established at trial but in no case less than $300,000.00.

2. For other general, special, or consequential damages in an amount to be proven at trial;

3. For pre-and post-judgment interest;

4. For an award of attorney fees and costs;

5. For all other relief, the court finds just and proper.

Dated this 30th day of March, 2021.

                                                WHITE & GARNER

                                                */s/ Geena Arata*
                                                Geena Arata
                                                Gabriel K. White
                                                *Attorneys for Plaintiff Larry Hardy*